JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Touandre Brooks

**DEFENDANTS**

Advanced Stores Company, Inc. and Advanced Auto Parts, Inc. d/b/a Advance Auto Parts

**(b)** County of Residence of First Listed Plaintiff    Delaware
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Fernando I. Rivera, Esquire, Console Mattiacci Law, LLC
1525 Locust Street, 9th Floor, Philadelphia, PA 19102
215.545.7676

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
    Plaintiff

☐ 2  U.S. Government
    Defendant

☒ 3  Federal Question
    *(U.S. Government Not a Party)*

☐ 4  Diversity
    *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | **PERSONAL INJURY** | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | ☐ 365 Personal Injury - Product Liability | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| | **PERSONAL PROPERTY** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| | ☐ 370 Other Fraud | | | |
| | ☐ 371 Truth in Lending | | | |
| | ☐ 380 Other Personal Property Damage | | | |
| | ☐ 385 Property Damage Product Liability | | | |

| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS |
|---|---|---|
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** |
| | ☐ 448 Education | ☐ 540 Mandamus & Other |
| | | ☐ 550 Civil Rights |
| | | ☐ 555 Prison Condition |
| | | ☐ 560 Civil Detainee - Conditions of Confinement |

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 465 Other Immigration Actions

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation - Transfer   ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 2000e, et seq. ("Title VII"), 42 U.S.C. § 1981 ("Section 1981"), 43 P.S. § 951, et seq. ("PHRA"), Phila. Code § 9-1101, et seq. ("PFPO")

Brief description of cause:
Plaintiff brings this action against Defendants for race discrimination, retaliation, and hostile work environment.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
In excess of $75,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
06/05/2019

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ Sharon Hill, PA 19079 _____

Address of Defendant: _____ 2300 Packard Building, 111 S. 15th Street, Philadelphia, PA 19102 _____

Place of Accident, Incident or Transaction: _____ Philadelphia, PA _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

| | | | |
|---|---|---|---|
| 1. | Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☒ |
| 2. | Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☒ |
| 3. | Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? | Yes ☐ | No ☒ |
| 4. | Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? | Yes ☐ | No ☒ |

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 6/5/2019 _____ _____ 319009
                                        *Attorney-at-Law / Pro Se Plaintiff*      *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

| A. | **Federal Question Cases:** | B. | **Diversity Jurisdiction Cases:** |
|---|---|---|---|
| ☐ 1. | Indemnity Contract, Marine Contract, and All Other Contracts | ☐ 1. | Insurance Contract and Other Contracts |
| ☐ 2. | FELA | ☐ 2. | Airplane Personal Injury |
| ☐ 3. | Jones Act-Personal Injury | ☐ 3. | Assault, Defamation |
| ☐ 4. | Antitrust | ☐ 4. | Marine Personal Injury |
| ☐ 5. | Patent | ☐ 5. | Motor Vehicle Personal Injury |
| ☐ 6. | Labor-Management Relations | ☐ 6. | Other Personal Injury *(Please specify):* _____ |
| ☒ 7. | Civil Rights | ☐ 7. | Products Liability |
| ☐ 8. | Habeas Corpus | ☐ 8. | Products Liability – Asbestos |
| ☐ 9. | Securities Act(s) Cases | ☐ 9. | All other Diversity Cases |
| ☐ 10. | Social Security Review Cases | | *(Please specify):* _____ |
| ☐ 11. | All other Federal Question Cases *(Please specify):* _____ | | |

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Fernando I. Rivera _____, counsel of record *or pro se plaintiff*, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: 6/5/2019 _____ _____ 319009
                                        *Attorney-at-Law / Pro Se Plaintiff*      *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5 2018)

## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Touandre Brooks | : | CIVIL ACTION |
| | : | |
| v. | : | |
| Advanced Stores Company, Inc. and | : | |
| Advanced Auto Parts, Inc. d/b/a Advance | : | NO. |
| Auto Parts | | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)   In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                  (  )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
     and Human Services denying plaintiff Social Security Benefits.                              (  )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   (  )

(d) Asbestos – Cases involving claims for personal injury or property damage from
     exposure to asbestos.                                                                       (  )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
     commonly referred to as complex and that need special or intense management by
     the court.  (See reverse side of this form for a detailed explanation of special
     management cases.)                                                                          (  )

(f) Standard Management – Cases that do not fall into any one of the other tracks.             ( X )

| | | |
|---|---|---|
| 6/5/2019 | _(signature)_ | Touandre Brooks |
| **Date** | **Attorney-at-law** | Attorney for |
| 215.545.7676 | 215.754.4928 | rivera@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TOUANDRE BROOKS**<br>Sharon Hill, PA 19079 | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **CIVIL ACTION NO.** |
| | : | |
| **ADVANCED STORES COMPANY,**<br>**INC.**<br>2300 Packard Building<br>111 S. 15th Street<br>Philadelphia, PA 19102 | : | |
| | : | |
| and | : | |
| | : | |
| **ADVANCED AUTO PARTS, INC. d/b/a**<br>**ADVANCE AUTO PARTS**<br>2300 Packard Building<br>111 S. 15th Street<br>Philadelphia, PA 19102 | : | |
| | : | |
| Defendants. | : | **JURY TRIAL DEMANDED** |

**COMPLAINT**

**I.   INTRODUCTION**

Plaintiff, Touandre Brooks ("Plaintiff"), brings this action against his former employers,

Advanced Stores Company, Inc., and Advanced Auto Parts, Inc. d/b/a Advance Auto Parts

(collectively, "Defendants"). Defendants discriminated and retaliated against Plaintiff based on his

race and subjected him to a hostile work environment in violation of Title VII of the Civil Rights

Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), 42 U.S.C. § 1981 ("Section

1981"), the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"), and

the Philadelphia Fair Practices Ordinance, as amended, Phila. Code § 9-1101, *et seq.* ("PFPO").

Plaintiff seeks all damages allowable under the law.

**II.**     **PARTIES**

1.      Plaintiff is an individual and a citizen of the Commonwealth of Pennsylvania.

2.      Plaintiff is African American.

3.      Defendant, Advanced Stores Company, Inc., is a corporation formed under the laws of the State of Virginia with its principal place of business located in Roanoke, Virginia.

4.      Defendant, Advanced Auto Parts, Inc. d/b/a Advanced Auto Parts, is a corporation formed under the laws of the State of Delaware with its principal place of business located in Raleigh, North Carolina.

5.      Defendants engaged in an industry affecting interstate commerce that regularly does business in the Commonwealth of Pennsylvania and with entities and individuals in the Commonwealth of Pennsylvania and in the City of Philadelphia. Defendants also employ residents of the Commonwealth of Pennsylvania and of the City of Philadelphia.

6.      At all times material hereto, Plaintiff was employed by Defendants to work at their stores located in the Commonwealth of Pennsylvania and in the City of Philadelphia.

7.      At all times material hereto, Defendants employed more than fifteen (15) employees.

8.      At all times material hereto, Defendants employed four (4) or more individuals in the Commonwealth of Pennsylvania.

9.      At all times material hereto, Defendants acted by and through their authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendants and in furtherance of Defendants' business.

10.     At all times material hereto, Defendants acted as an "Employer" within the meaning of the statutes that form the bases of this matter.

11.     At all times material hereto, Plaintiff was an "Employee" of Defendants within the meaning of the statutes that form the bases of this matter.

**III.     JURISDICTION AND VENUE**

12.     The causes of action that form the bases of this matter arise under Section 1981, Title VII, the PHRA, and the PFPO.

13.     The District Court has jurisdiction over Count I (Section 1981) and Count II (Title VII) pursuant to 28 U.S.C. § 1331.

14.     The District Court has supplemental jurisdiction over Count III (PHRA) and Count IV (PFPO) pursuant to 28 U.S.C. § 1367.

15.     Venue is proper in this District Court under 28 U.S.C. § 1391(b).

16.     On February 28, 2019, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), complaining of acts of discrimination and retaliation alleged herein (the "Charge"). The Charge was cross-filed with the Pennsylvania Human Relations Commission ("PHRC"). Attached hereto, incorporated herein, and marked as Exhibit A is a true and correct copy of the Charge (with personal identifying information redacted).

17.     On or about March 11, 2019, the EEOC issued to Plaintiff a Notice of Right to Sue for the Charge (the "Notice"). Attached hereto, incorporated herein, and marked as Exhibit B is a true and correct copy of the Notice (with personal identifying information redacted).

18.     Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

3

## IV.   **FACTUAL ALLEGATIONS**

19.    Plaintiff was hired by Defendants on or about September 11, 2008, as a Sales Associate at Defendants' Collingdale store.

20.    As a Sales Associate, Plaintiff reported directly to Jeffery Snyder (Caucasian) ("Snyder"), General Manager.

21.    Throughout his employment, Plaintiff consistently performed his job duties in an excellent manner.

22.    In or around March of 2009, Plaintiff was promoted to Second Assistant Manager of the Collingdale store.

23.    In or around late-2011 or early-2012, Plaintiff was promoted to First Assistant Manager of the Collingdale store.

24.    In or around late-2013, Plaintiff was promoted to General Manager of Defendants' Folsom store.

25.    On or about December 2, 2014, Samuel Hackenburg (Caucasian) ("Hackenberg"), Sales Person, wrote "Nigger fucker" on a receipt and handed it to Plaintiff.

26.    On or about December 3, 2014, Plaintiff complained to Coby Shaw (Caucasian) ("Shaw"), District Manager, of race discrimination in connection with Hackenberg's conduct.

27.    In response, Shaw laughed and said that he could not believe the audacity of some people.

28.    Throughout his employment with Defendants, Plaintiff repeatedly expressed interest in being promoted and participating in leadership, training, and development opportunities, and, in response, Defendants informed Plaintiff that "it was a process."

29.    In or around February of 2015, Defendants hired Christopher McErlane

4

(Caucasian) ("McErlane") to District Manager overseeing fifteen (15) of Defendants' Pennsylvania locations, including its Folsom store.

30.     Plaintiff began reporting directly to McErlane upon him becoming District Manager.

31.     Defendants did not post a job opening for a District Manager position before they hired McErlane.

32.     Plaintiff had no opportunity to apply for the District Manager position because it was not posted.

33.     If the District Manager position was posted, Plaintiff would have applied for same.

34.     Plaintiff was more qualified than McErlane for Defendants' District Manager position.

35.     Throughout his employment with Defendants, Plaintiff was asked to train newly-hired and newly-promoted general managers and district managers.

36.     Defendants required Plaintiff to assist in training McErlane as District Manager.

37.     During McErlane's onboarding and transition into the role of District Manager, Plaintiff was required to take on additional roles and responsibilities normally performed by a District Manager, *i.e.*, overseeing three additional locations (Frankford, Oregon Avenue, and Collingdale) and serving as a liaison between McErlane and other district managers in the region.

38.     In or around February of 2015, Defendants hired Michael Carr (Caucasian) ("Carr"), an external hire, for the position of General Manager of Defendants' Landsdown store.

39.     As General Manager of the Landsdown store, Carr reported directly to McErlane.

40.     On or about July 25, 2018, Defendants promoted Carr to District Manager.

41.     Both Plaintiff and Carr held General Manager positions at the time that Carr was

5

promoted to District Manager.

42.     Upon information and belief, McErlane was involved in the decision to promote Carr to District Manager.

43.     Upon information and belief, McErlane was aware of Plaintiff's prior complaints of race discrimination.

44.     Plaintiff began reporting directly to Carr upon his promotion to District Manager.

45.     Defendants did not post a job opening for a District Manager position before they hired Carr.

46.     Plaintiff had no opportunity to apply for the District Manager position because it was not posted.

47.     If the District Manager position was posted, Plaintiff would have applied for same.

48.     Plaintiff was more qualified than Carr for Defendants' District Manager position.

49.     Defendants required Plaintiff to assist in training Carr as District Manager.

50.     Plaintiff is aware that McErlane discriminated against other African American employees and that they made complaints of race discrimination against McErlane for same.

51.     Plaintiff is aware that McErlane retaliated against African American employees who made complaints of race discrimination.

52.     Immediately after Plaintiff began reporting to Carr, Carr began subjecting Plaintiff to harsher treatment and greater scrutiny than his Caucasian direct reports.

53.     Plaintiff was the longest-service African American employee directly reporting to Carr.

54.     On January 10, 2019, via text message from Carr, Defendants terminated Plaintiff's employment, effective immediately.

55.     Defendants' stated reason for terminating Plaintiff was for "falsifying company documents and misuse of property."

56.     Defendants' stated reason for terminating Plaintiff is false and pretext for race discrimination and retaliation.

57.     Plaintiff never received any disciplinary warnings nor was ever placed on a performance improvement plan during his employment with Defendants.

58.     Defendants replaced Plaintiff with two non-African American employees.

59.     Plaintiff was repeatedly denied promotions to high-level management positions and participation in training, and development opportunities because of his race.

60.     Defendants' demographics evidence a bias against African American employees. For example, Defendants have an underrepresentation of African American employees in high-level management positions, including District Manager positions.

61.     Upon information and belief, of the approximately one hundred forty-two (142) District Managers at Defendants, only one (1) is African American.

62.     Plaintiff's race was a motivating and/or determinative factor in Defendants' discriminatory and retaliatory treatment of Plaintiff, including, but not limited to, the hostile work environment to which Plaintiff was subjected, their failure to promote Plaintiff into a District Manager position, and his termination.

63.     Plaintiff's complaint of race discrimination was a motivating and/or determinative factor in Defendants' discriminatory and retaliatory treatment of Plaintiff, including, but not limited to, the hostile work environment to which Plaintiff was subjected, their failure to promote Plaintiff into a District Manager position, and his termination.

64.     The discriminatory and retaliatory conduct of Defendants, as alleged herein, was

severe and/or pervasive enough to make a reasonable person believe that the conditions of employment had been altered and that a hostile work environment existed, and made Plaintiff believe that the conditions of employment had been altered and that a hostile work environment existed.

65.     As a direct and proximate result of Defendants' discrimination and retaliation, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

66.     Defendants acted with malice and/or reckless indifference to Plaintiff's protected rights and warrants the imposition of punitive damages against Defendants.

### COUNT I
### (VIOLATION OF SECTION 1981)

67.     Plaintiff incorporates herein by reference the above paragraphs as if set forth herein in their entirety.

68.     By committing the foregoing acts of race discrimination and retaliation, Defendants have violated Section 1981.

69.     Said violations were intentional and made with malice and/or reckless indifference to Plaintiff's rights and warrant the imposition of punitive damages.

70.     As a direct and proximate result of Defendants' violation of Section 1981, Plaintiff has sustained the injuries, damages, and losses set forth herein and have incurred attorney's fees and costs.

71.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

8

72.     No previous application has been made for the relief requested herein.

## COUNT II
## (VIOLATION OF TITLE VII)

73.     Plaintiff incorporates herein by reference the above paragraphs as if set forth herein in their entirety.

74.     By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendants have violated Title VII.

75.     Said violations were intentional and made with malice and/or reckless indifference to Plaintiff's rights and warrant the imposition of punitive damages.

76.     As a direct and proximate result of Defendants' violation of Title VII, Plaintiff has sustained the injuries, damages, and losses set forth herein and have incurred attorney's fees and costs.

77.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

78.     No previous application has been made for the relief requested herein.

## COUNT III
## (VIOLATION OF THE PHRA)

79.     Plaintiff incorporates herein by reference the above paragraphs as if set forth herein in their entirety.

80.     By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendants have violated the PHRA.

81.     Said violations were intentional and willful.

82.     As a direct and proximate result of Defendants' violation of the PHRA, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorney's fees and costs.

83.     Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Defendants' discriminatory and retaliatory acts unless and until the Court grants the relief requested herein.

84.     No previous application has been made for the relief requested herein.

## COUNT IV
## (VIOLATION OF THE PFPO)

85.     Plaintiff incorporates by reference paragraphs the above paragraphs of this Complaint as if fully set forth in their entirety.

86.     By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendants have violated the PFPO.

87.     Said violations were intentional and made with malice and/or reckless indifference to Plaintiff's rights and warrant the imposition of punitive damages.

88.     As a direct and proximate result of Defendants' violation of the PFPO, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorney's fees and costs.

89.     Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Defendants' discriminatory and retaliatory acts unless and until the Court grants the relief requested herein.

90.     No previous application has been made for the relief requested herein.

## **RELIEF**

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendants' improper conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

(a)     declaring the acts and practices complained of herein to be in violation of Section 1981;

(b)     declaring the acts and practices complained of herein to be in violation of Title VII;

(c)     declaring the acts and practices complained of herein to be in violation of the PHRA;

(d)     declaring the acts and practices complained of herein to be in violation of the PFPO;

(e)     enjoining and permanently restraining the violations alleged herein;

(f)     entering judgment against Defendants and in favor of the Plaintiff in an amount to be determined;

(g)     awarding compensatory damages to make the Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendants' improper conduct;

(h)     awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendants' improper conduct;

(i)     awarding punitive damages to Plaintiff under Section 1981;

11

(j)    awarding punitive damages to Plaintiff under the Title VII;

(k)    awarding punitive damages to Plaintiff under the PFPO;

(l)    awarding Plaintiff such other damages as are appropriate under Section
       1981, Title VII, the PHRA, and the PFPO;

(m)    awarding Plaintiff the costs of suit, expert fees and other disbursements, and
       reasonable attorney's fees; and,

(n)    granting such other and further relief as this Court may deem just, proper,
       or equitable including other equitable and injunctive relief providing
       restitution for past violations and preventing future violations.


                              CONSOLE MATTIACCI LAW, LLC


                      BY:    _____
                             FERNANDO I. RIVERA, ESQ.
                             1525 Locust St., 9th Floor
                             Philadelphia, PA 19102
                             (215) 545-7676 (office)
                             (215) 754-4938 (fax)

Dated: June 5, 2019


                                      12